ACCEPTED
14-15-00061-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 12:40:49 PM
CHRISTOPHER PRINE
CLERK

# IN THE
## FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 12:40:49 PM
CHRISTOPHER A. PRINE
Clerk

### NO. 14-15-00061-CV

## B. MAHLER INTERESTS, L.P., APPELLANT

## V.

## DMAC CONSTRUCTION, INC., APPELLEE

### On Appeal from the 152nd District Court
### Harris County, Texas
### Trial Court Case No. 2012-64035

## APPELLANT'S UNOPPOSED MOTION TO EXCEED PAGE LIMIT OF THE APPELLANT'S BRIEF

APPELLANT, B. MAHLER INTERESTS, L.P., asks the Court to extend the time for the filing of the Appellant's Brief.

### A. INTRODUCTION

1.  Appellant is B. MAHLER INTERESTS, L.P.; appellee is DMAC CONSTRUCTION, INC.

2.  On September 22, 2015, the Appellant's Brief was filed in this case.

3.    Appellee is unopposed to this Motion as indicated in the Certificate of Conference.

## B.  ARGUMENTS & AUTHORITIES

4.    The Court has the authority under Texas Rule of Appellate Procedure ("TRAP") 38.4 to permit a longer brief.

5.    Appellant's Brief must be no longer than 50 pages under TRAP 38.4.

6.    Appellant requests the Court to allow the Appellant's Brief to exceed 50 pages by approximately eight additional pages.  Appellant's Brief consists of almost 58 complete pages.

7.    This is an appeal of a summary judgment.  The trial court did not state the grounds for granting the motion for summary judgment (CR 1: 349). Accordingly, Appellant was required to show in the Appellant's Brief that each ground alleged in the motion was insufficient to support the judgment.  *Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex. App.---Dallas 2003, no pet.).

8.    Appellee filed both a no-evidence and a traditional motion for summary judgment (CR 1: 135).  Although the trial court orally announced it had denied Appellee's no-evidence motion (CR 1: 310, f.n.#1), it signed an order entitled, "FINAL SUMMARY JUDGMENT," ordering "that Defendant's Amended Traditional and *No-Evidence Motion* for Summary Judgment should be and hereby is *GRANTED*."  (CR 1: 349) (emphasis added).  Therefore, the trial

court had expressly asserted that it had granted both Appellee's traditional and no-evidence motions for summary judgment. As discussed in the Appellant's Brief, Appellee's no-evidence motion was procedurally defective and Appellant's response at pages 15 through 18 served the function of raising that procedural defect in order to defeat the motion.

9. Appellee moved for summary judgment on its affirmative defense of the statute of limitations (CR 1: 66-77; 135-49). Where a defendant moves for summary judgment on a statute-of-limitations defense, the defendant must (1) conclusively prove when the cause of action accrued, and (2) if the plaintiff pleaded a tolling provision, conclusively negate its application as a matter of law. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). Appellant asserted the tolling provisions or counter-affirmative defenses of the discovery rule, fraudulent concealment, and estoppel (CR 1: 10-11).

10. In the Appellant's Brief, Appellant devoted fourteen pages to the factual and procedural history of the case, less than two pages to the summary of the argument, and approximately thirty-eight pages for argument in connection with Appellee's traditional motion for summary judgment. In the body of the pages devoted to argument, Appellant showed Appellee had not met its burden of proof of negating the application of the discovery rule and fraudulent concealment and that the summary judgment evidence raised a genuine issue of material fact on

the specific elements challenged by the Appellee in its motion. More specifically, Appellee attempted to negate the discovery rule by the enforcement of a contractual accrual provision in the parties' contract on the basis of out-of-state authorities that required the briefing of the California court of appeals cases of *Brisbane Lodging*, *Moreno*, and *Lyon*, which required the use of approximately ten pages in the Appellant's Brief. Appellant then argued in the next twelve pages in the Appellant's Brief that its causes of action could not have accrued any sooner than April or May 2012 under the discovery rule in connection with its complaints about the defects with the three components of the Project in dispute: the doors, the floors, and the framing with the porches. Similarly, Appellant argued in the final twelve pages of the Appellant's Brief that Appellee failed to conclusively negate fraudulent concealment in connection with the porches by addressing the only two elements challenged by the Appellee: reasonable diligence and purposeful concealment.

11. The Appellant's Brief required the use of additional pages exceeding the limit of 50 pages in order to address the various legal issues raised by the motion for summary judgment and as it related to the three components of the Project in dispute: the doors, the floors, and the framing with the porches.

## D. PRAYER

12. For these reasons, Appellant respectfully asks the Court to grant this Motion requesting that the Appellant's Brief exceed the page limit of 50 pages.

Respectfully submitted,

*/s/ Christopher D. Nunnallee*
JEFFREY J. TOMPKINS
Texas Bar No. 20125500
1413 Brittmoore Road
Houston, Texas 77043
Telephone: 713-787-5333
Facsimile: 713-787-5334

OF COUNSEL:
CHRISTOPHER D. NUNNALLEE
Texas Bar No. 24025568
1413 Brittmoore Road
Houston, Texas 77043
Telephone: 713-787-5333
Facsimile: 713-787-5334

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Christopher D. Nunnallee, conferred with James Schuelke by telephone regarding this Motion to Exceed Page Limit and he is unopposed to the requested extension.

/s/ Christopher D. Nunnallee
CHRISTOPHER D. NUNNALLEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Exceed Page Limit was served by Facsimile Transmission and the Court's Electronic Filing System on the 30th day of September, 2015, to all parties entitled to receive such notice, including the parties list below:

James A. Schuelke                    *FACSIMILE TO 713.485.7250*
REYNOLDS FRIZZEL LLP
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Attorney for DMAC Construction, Inc.

/s/ Christopher D. Nunnallee
CHRISTOPHER D. NUNNALLEE

\C:MYDOCUMENTS:MAHLER:MOTION TO EXTEND TIME TO FILE CLERKSRECORD – 07.13.2015\